Argued November 30, affirmed December 15, 1965, petition for
rehearing denied January 18, 1966

## STATE OF OREGON *v.* MATTHEWS

409 P. 2d 176

*Michael M. Sherlock, Jr.,* Portland, argued the
cause and filed a brief for appellant, which included
supplemental brief prepared by appellant in propria
persona.

*George M. Joseph,* Deputy District Attorney, Port-
land, argued the cause for respondent. On the brief
were George Van Hoomissen, District Attorney, and
John D. Burns, Deputy District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

PER CURIAM.

Defendant appeals from a conviction of knowingly uttering and publishing a forged bank check. The trial court admitted in evidence a statement which the defendant had given the police after his arrest. The appeal challenges the receipt of this statement.

The trial below was had after the publication of our decisions in *State v. Neely,* 239 Or 487, 395 P2d 557, 398 P2d 482 (1965), and *State v. Brewton,* 238 Or 590, 395 P2d 874 (1964). Accordingly, the trial court, out of the presence of the jury, held a hearing preliminary to ruling upon the receipt of evidence concerning any statements given by the defendant to the police. During this hearing, a police officer testified that, prior to interrogating the defendant, he had advised the defendant of his right to counsel and of his right to remain silent, as required by *State v. Neely.* The officer's testimony was not contradicted by other evidence. The officer was not even subjected to cross-examination. The defendant was, of course, represented by counsel during the hearing. The trial court made a finding that the defendant had been properly advised of his rights and had thereafter made his statement voluntarily.

The defendant now contends that the trial court erred in not insisting that the defendant take the stand to rebut the officer's testimony. The contention is not worthy of extended comment. The trial court has a duty to see that the defendant is given a fair trial. The trial court has no duty to take over the repre-

sentation of a defendant who is represented by counsel. Indeed, if the court were to do so, and the result should turn out badly for the defendant, there would no doubt be an assignment of error on that account.

The points raised by the defendant in his supplemental brief consist largely of a disagreement with the view of the evidence taken by the jury.

Affirmed.